# IN THE COURT OF APPEALS OF IOWA

No. 23-0869
Filed December 6, 2023

IN RE THE MARRIAGE OF MOLLY RUTH WONSER AND PAUL TIMOTHY WONSER

Upon the Petition of
**MOLLY RUTH WONSER, n/k/a MOLLY RUTH GIBSON,**
 Petitioner-Appellee,

**And Concerning**
**PAUL TIMOTHY WONSER,**
 Respondent-Appellant.
_____

 Appeal from the Iowa District Court for Guthrie County, Thomas P. Murphy,

Judge.

 Paul Timothy Wonser appeals the denial of his request to modify physical

care of the children he shares with Molly Ruth Gibson.  **AFFIRMED.**

 Jonathan Law of Mumma & Pedersen, Jefferson, for appellant.

 Cara Rotschafer of Iowa Legal Aid, Des Moines, for appellee.

 Considered by Badding, P.J., and Chicchelly and Langholz, JJ.

**CHICCHELLY, Judge.**

Paul Timothy Wonser appeals the denial of his request to modify physical care of the children he shares with Molly Ruth Gibson. He contends the district court should have modified the decree to award him physical care of the children. Paul argues a substantial change in circumstances has occurred since the initial determination and it is in the best interests of the children for him to have physical care. While Paul has met his burden in establishing that a substantial change in circumstances occurred, we find Molly is better suited to acting as the physical caretaker and that the children's best interests are served by them being in her care. We therefore affirm the district court's denial of Paul's petition to modify physical care.

## I.   *Background Facts and Proceedings.*

The parties were married in 2005, and their marriage was dissolved in 2014. Because Paul failed to appear or file a response, a default decree was entered. In the decree, Molly was awarded sole legal custody and physical care of their three children: S.J.W., born in 2012; A.Q.W., born in 2011; and J.R.W., born in 2009. Paul was given visitation subject to Molly's discretion. Following the divorce, Molly moved out of state to Nebraska. The children had little to no contact with Paul for the next five years.

In December 2019, the Nebraska Department of Health and Human Services (DHHS) removed the children from Molly's care following allegations of neglect related to substance use. The three children were placed in foster care initially and then with Paul. The Nebraska DHHS dismissed its case after placing the children with Paul. Based on these circumstances, Paul petitioned for

modification of custody in Iowa in January 2020. His petition was dismissed for lack of jurisdiction because, while Paul still lived in Iowa, the children lived in Nebraska. The children were returned to Molly. Eventually, her and the children moved back to Iowa.

In April 2022, Paul filed a second petition for modification after the Iowa DHHS initiated a child-in-need-of-assistance proceeding for the three children. This petition was not dismissed for lack of jurisdiction because the children were again residents of Iowa. The juvenile court granted concurrent jurisdiction to allow the modification to proceed. The children were again placed in Paul's care as part of the juvenile court proceedings, where they remained for more than two years by the time of the modification trial. During this time, Molly complied with the Iowa DHHS's requirements and worked towards reunification.

The trial occurred in late February 2023. The district court granted the parties joint legal custody, maintained the provisions of the dissolution decree placing the children in Molly's physical care, and granted Paul scheduled visitation. On appeal, Paul only contests the physical-care provision.

## II.     Review.

Applying a de novo review, we examine the entire record and make our own conclusions. *See Thorpe v. Hostetler*, 949 N.W.2d 1, 4–5 (Iowa Ct. App. 2020). While we are not bound by the district court's factual findings, we do give them weight, especially those regarding witness credibility. *See id.* at 5.

## III.     Discussion.

As the parent seeking to modify the parties' physical-care arrangement, Paul bears the burden of showing (1) a material and substantial change in

circumstances occurred since the initial decree and (2) "an ability to minister more effectively to the children's well being." *Id.* (quoting *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983)). Our priority is the best interests of the children. *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). "The objective of a physical care determination is to place the children in the environment most likely to bring them to health, both physically and mentally, and to social maturity." *Id.* We consider each of these elements in turn.

*A. Circumstances Warranting Modification.*

Paul first argues that a modification is justified because a substantial and material change in circumstances occurred. "To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change." *Thorpe*, 949 N.W.2d at 5. The circumstances must be permanent and not contemplated by the initial court. *Id.* This is a heavy burden because "once custody of children has been fixed it should be disturbed only for the most cogent reasons." *Id.* (quoting *Frederici*, 338 N.W.2d at 158). To make this determination, we consider the parents' abilities, the needs of the children, the parties' communication and history of caregiving, the ability of the parents to support the other parent's relationship with the children, the children's preference after considering their age and maturity, the geographic proximity of the parties, and the safety of the children with the parents. *See* Iowa Code § 598.41(3) (2022).

We agree with the district court that the circumstances herein have substantially changed since 2014, and thus Paul at least reached the necessary

threshold for the court to consider whether the best interests of the children necessitate a modification of physical care. Specifically, at the time of the original decree, the district court never contemplated the relationship between Paul and the children would develop as it did. When it entered the decree, it gave Paul only discretionary visitation and anticipated limited contact with the children. But since the initial decree, the children have developed a loving bond with Paul and their stepfamily. The children have resided in Paul's home and connected with their community for over two years. This is far removed from the decree contemplating the children to continuously reside only with Molly and have limited contact with Paul.

Molly contends there were no permanent changes in circumstances because the involvement of both the Nebraska DHHS and Iowa DHHS was intended to be temporary. The record demonstrates that Molly had successfully addressed the concerns raised by both state's DHHS, and thus our finding of a substantial change in circumstances does not rest upon the agencies' involvement and conclusions. Our focus instead is on the secondary circumstances that occurred during this time—that Paul came to develop a relationship and bond with his children. We agree with the district court's finding that this amounts to a permanent change that justifies the court's consideration of modification. After making this finding, the district court changed the legal custody and visitation provisions of the initial decree, finding the same to be consistent with the best interests of the children. On appeal, Paul only argues that physical care should also be modified. We now consider the merits of this argument.

*B. Best Minister to the Children's Needs.*

While Paul has established a substantial change in circumstances, this is not the end of our analysis. To successfully appeal the physical-care provision, he must also prove his superior ability to parent and that the children's best interests would be served by placing them in his physical care. *See Thorpe*, 949 N.W.2d at 5–6 ("A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being." (quoting *Frederici*, 338 N.W.2d at 158)). Upon our review, we find Paul has not demonstrated he is better able to provide for the children's needs. He cites only the juvenile court's placement of the children with him and Molly's past substance use. Neither is dispositive nor effectively argued.

We give deference to the court's finding that "[b]oth parties love their children" and should continue to see them on a regular basis. Paul has cared for the children for the last two years. During that time, Molly has addressed and alleviated the concerns regarding her substance abuse. Because there are two suitable parents here, our priority is "stability and continuity of caregiving." *Hansen*, 733 N.W.2d at 696. We give considerable weight to the parent who has historically acted as the primary caregiver. *See In re Marriage of Decker*, 666 N.W.2d 175, 177 (Iowa Ct. App. 2003); *see also* Iowa Code § 598.41(3)(d). That parent is Molly, who acted as the sole caregiver at least from 2014 to 2019. The district court found her testimony credible, and we defer to the court's determination because it has the benefit of observing the witnesses at trial. *See In re Marriage of Gensley*, 777 N.W.2d 705, 713 (Iowa Ct. App. 2009). It further determined Molly was better able to meet the children's emotional, medical, and

educational needs, and we agree. Although the record before us is limited, it shows the children's attachment to Molly and her ability to effectively parent.

While Paul is a suitable parent, he has not provided any evidence that he would provide *superior* care. He failed to submit any exhibits, call any witnesses other than Molly and himself, or provide a proposed parenting schedule. While the Iowa DHHS has surely updated the juvenile court since July 2021, Paul neglected to include any of its reports. Finally, the hearing itself lasted only ninety minutes. The district court lamented that it might have benefited from more information. Regardless, we must resolve this appeal based on the record that was presented below. Upon review of that scant record, Paul has not met his burden of either establishing himself as the more capable parent or that the children's best interests would be best served by placing the children in his physical care. Paul testified that, while two of the children are generally doing well in school, the other is struggling. J.R.W. is having behavioral issues, including being suspended from school and engaging in physical altercations with his peers. Paul also testified J.R.W. has difficulty completing schoolwork and keeping up with deadlines. The record demonstrates Paul's failure to address these issues in a timely manner. His time and energy is also stretched thin given the four other children in his care. The children have not been enrolled in extracurricular activities despite their desire to be. Paul has also had trouble securing mental-health therapy for the children despite the district court ordering them to receive such care. Based on these facts, Paul has not adequately proved having the children in his physical care is in their best interests. We therefore affirm the denial of Paul's petition to modify the dissolution decree to give him physical care of the children.

### *IV.* *Disposition.*

Because Paul has not adequately established his superior ability to meet his children's needs, we affirm the denial of his request for modification for physical care.

**AFFIRMED.**